FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

APR 2 2009

JAMES N. HATTEN, Clerk
By _Deputy Clerk_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ROBERT STEWART,                      :
INMATE NO. 55479-019,                :   CRIMINAL INDICTMENT NOS.
    Movant,                         :   1:04-CR-75-1-TWT;
                                    :   1:04-CR-76-6-TWT
    v.                              :
                                    :   CIVIL FILE NOS.
UNITED STATES OF AMERICA,            :   1:07-CV-3045-TWT;
    Respondent.                     :   1:08-CV-1005-TWT

## ORDER AND OPINION

Movant seeks via 28 U.S.C. § 2255 to vacate sentences totaling 190 months he received for his April 5, 2005, convictions in this Court of one count of making false claims against the United States Department of Veteran Affairs, one count of making a false bank loan application, one count of conspiracy to commit bank fraud, fifty-three (53) counts of bank fraud, and four counts of unauthorized use of another's social security number. The matter is before this Court on Movant's two 28 U.S.C. § 2255 motions to vacate, set aside, or correct sentence [Case No. 1:04-CR-75-1, Doc. 58; Case No. 1:04-CR-76-6, Docs. 229-230]; the Government's two responses [1:04-CR-75-1, Doc. 57; 1:04-CR-76-6, Doc. 238]; Movant's motion for reference to motion to vacate sentence [1:04-CR-76-6, Doc. 247]; Movant's motion to appoint counsel [Id., Doc. 248]; Movant's motion for

evidentiary hearing [Id., Doc. 249]; Movant's motion for discovery [Id., Doc. 250]; Movant's motion for production of documents [Id., Doc. 251]; and Movant's motion to compel [Id., 252].

I.    Background

On July 9, 2004, Movant entered a non-negotiated plea of guilty to one count of conspiracy to commit bank fraud, fifty-three (53) counts of bank fraud, and four counts of unauthorized use of another's social security number. See United States v. Stewart, Case No. 1:04-CR-76-6, Doc. 84. On August 4, 2004, Movant entered a non-negotiated plea of guilty to one count of making a false bank loan application and one count of conspiracy to commit bank fraud. See United States v. Stewart, Case No. 1:04-CR-75-1, Doc. 24.

On April 1, 2005, this Court held a consolidated sentencing hearing for both of Movant's criminal cases. Movant received a 60-month sentence for his making a false bank loan application conviction and a concurrent 190-month sentence for his conspiracy to commit bank fraud conviction. (Case No. 1:05-CR-75-1, Doc. 37). Movant also received a 60-month sentence for his conspiracy to commit bank fraud conviction and concurrent 190-month sentences for his fifty-three (53)

2

counts of bank fraud, and four counts of unauthorized use of another's social security number convictions. (Case No. 1:04-CR-76-06, Doc. 181). The sentences under 1:04-CR-76-6 were ordered to be served concurrently with the sentenced received in 1:04-CR-75-1. (Case No. 1:04-CR-76-06, Doc. 181). Movant was also ordered to pay a special assessment of $6,000.00 and restitution in the amount of $634,552.93. (Case No. 1:04-CR-75-1, Doc. 37; Case No. 1:04-76-6, Doc. 181). On April 5, 2005, these judgments and convictions were entered by the Clerk of the Court. (Case No. 1:04-CR-75-1, Doc. 38; Case No. 1:04-CR-76-6, Doc. 182).

On June 19, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's sentences in both of his criminal cases. <u>United States v. Stewart</u>, Case No. 05-12380 (11th Cir. Jun. 19, 2006). (Case No. 1:04-CR-75-1, Doc. 49). On December 4, 2006, the United States Supreme Court denied Movant a writ of certiorari. <u>Stewart v. United States</u>, 549 U.S. 1088 (2006).

On December 5, 2007, Movant filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and a motion to file an enlarged petition. (Case No. 1:04-CR-76-6, Docs. 229-230). In these two motions, Movant raises the following grounds for relief:

3

1. the District Court's Order committing Movant into the custody of the Bureau of Prisons relied upon the unconstitutionally enacted Public Law 80-772, Section 3231, which was issued ultra vires, and is unconstitutional and void because H.R. 3190 never passed both houses of Congress in the manner required by Article I, Section 7, Clause 2, and Movant's imprisonment is unlawful because the District Court lacked subject-matter jurisdiction;

2. Movant's convictions and sentences are unconstitutional in that the ninety-eighth Congress, during the second session, passed and enacted the Sentencing Reform Act of 1984 into law in a manner which violates the mandates of Article I, Section 7 of the Constitution, divesting this Court of jurisdiction to deprive Movant of life, liberty and property;

3. the Assistant United States Attorney's lack of oath of office and filing with the Clerk of Court renders Movant's conviction invalid and eliminates the District Court's subject-matter jurisdiction;

4. ineffective assistance of trial and appellate counsel for violation of Movant's due process rights to grand jury indictment within thirty (30) days due to unconstitutional/statutorily impermissible waiver by defense counsel and failure to discover and raise issue on direct appeal by appellant counsel;

5. ineffective assistance of trial counsel for failure to investigate and prepare case for trial;

6. Movant's guilty plea was not knowing and voluntary because defense counsel labored under an irreconcilable conflict of

4

interest resulting from the District Court's refusal to appoint substitute counsel;

7.  defense counsel's gross underestimation of Movant's exposure of five years imprisonment under the Sentencing Guidelines to induce a non-negotiated plea of guilty constituted ineffective assistance of counsel and rendered the plea not knowingly and voluntarily entered;

8.  Movant's sentence was obtained in violation of his right under the Due Process Clause of the Fifth Amendment not to be sentenced based on testimony and misleading evidence the Government knew or should have known was inaccurate, misleadingly false and/or perjured;

9.  defense counsel rendered ineffective assistance of counsel for failing to investigate and present impeachment evidence to challenge S.A. Riser's credibility and hearsay testimony at sentencing;

10. ineffective assistance of defense counsel for violation of Movant's due process and Sixth Amendment right to counsel for failure to object to the District Court's judgment Order sentencing Movant in excess of the statutory maximum for multiple counts in the indictment and ineffective assistance of appellate counsel for failure to discover and raise this issue on appeal;

11. defense counsel was ineffective for failing to object to the Court's special assessment and restitution Order which improperly delegated payment amount and timing intervals during incarceration to the Bureau of Prisons and ineffective assistance of appellate counsel for failure to raise this issue on appeal;

AO 72A
(Rev 8/82)

12.  ineffective assistance of defense counsel for violation of Movant's due process and Sixth Amendment right to counsel for failure to object to the District Court's judgment Order mandating submission of DNA pursuant to 42 U.S.C. § 14135a(d)(1) and ineffective assistance of appellant counsel for failure to discover and raise this issue on direct appeal; and

13.  the District Court committed constitutional error under the Sixth Amendment during sentencing, pursuant to the Supreme Court decision in Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007), which provided clarification for procedural and substantive reasonableness review of a lower court's application of United States v. Booker, 543 U.S. 220 (2005).

(Id., Doc. 229 at 7, 15, 24, 27, 32, 36, 41, 45, 52, 56, 57, 59 and 61; Doc. 230 at 5-6). On March 11, 2008, the Government filed its response in opposition to this motion to vacate sentence. (Id., Doc. 238).

On March 3, 2008, Movant filed his second 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Case No. 1:04-CR-75-1, Doc. 58). Movant raises the identical grounds for relief raised in his first motion to vacate sentence and apparently relies on the same motion to file an enlarged petition to provide argument in support of his grounds for relief. (Id. at 5-6). The Government filed its response in opposition on March 11, 2008. Id. at 57.[1] On September 22, 2008,

---

[1] Although the Government's response was received first, it was not docketed in Case No. 1:04-cr-75-1 until Movant had filed his motion to vacate sentence in that action.

6

Movant filed a motion for reference of motion to vacate, set aside, or correct sentence, a motion to appoint counsel, a motion for evidentiary hearing, a motion for discovery, and a motion for production of documents. (Case No. 1:04-CR-76-6, Docs. 247-51). On October 7, 2008, Movant filed a motion to compel. (Id., Doc. 252).

II.    Discussion

    A.    Ground One

In ground one, Movant contends that the District Court's Order committing Movant into the custody of the Bureau of Prisons relied upon the unconstitutionally enacted Public Law 80-772, Section 3231, which was issued ultra vires, and is unconstitutional and void because H.R. 3190 never passed both houses of Congress in the manner required by Article I, Section 7, Clause 2, and consequently, Movant's imprisonment is unlawful because the District Court lacked subject-matter jurisdiction. (Case No. 1:04-CR-76-6, Doc. 229 at 7). Specifically, Movant contends that the House of Representatives passed one version of Public Law 80-772, H.R. 3190, on May 12, 1947, and the Senate passed a version of this public law labeled as H.R. 3190, as amended. (Id. at 8).

7

Relatedly, Movant contends that H.R. 3190 was "never certified as enrolled," and was signed by President Truman only after he was mislead into believing this bill was passed by the Senate and the House of Representatives. (Id. at 8-9).

"The 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948. Therefore, the amendments and statutes relied upon for jurisdiction . . . were properly enacted and are binding." United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006); United States v. Siegelman, Case No. 2:05-CR-119-MEF-CSC, 2007 WL 1284276, at *1 (M.D. Ala. Apr. 30, 2007) ("even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected the [] argument" that 18 U.S.C. § 3231 "was not properly enacted"); Chao v. USA Mining, Inc., Case No. 1:04-CV-1, 1:04-CV-138, 2007 WL 208530 at *16 (E.D. Tenn. Jan. 24, 2007) ("Every court that has considered this argument [concerning the enactment of § 3231] has ruled against the defendant."). In light of previous decisions finding that § 3231 was properly enacted and Movant's failure to offer any authority directly supporting ground one, this Court concludes that this ground for relief does not offer a basis for granting Movant's motion to vacate, set aside, or correct sentence.

8

AO 72A
(Rev 8/82)

**B.    Ground Two**

Movant claims in ground two that his convictions and sentences are unconstitutional in that the ninety-eighth Congress, during the second session, passed and enacted the Sentencing Reform Act of 1984 into law in a manner which violates the mandates of Article I, Section 7 of the Constitution, divesting this Court of jurisdiction to deprive Movant of life, liberty and property.  (Case No. 1:04-CR-76-6, Doc. 229 at 16-21).  In support of this claim, Movant contends: (1) that 100 days passed without the Comprehensive Crime Control Act of 1984 ("CCCA"), also known as the Rider Amendment being enacted, and therefore, the CCCA was unconstitutionally enacted into law and was not properly placed into Public Archives; (2) the appropriations bill under which the CCCA was enacted violates the Federal Advisory Committee Act ("FACA"), Public Law 92-463, and the Delegation Doctrine Act, as Congress may not enact substantive law through an appropriation act; (3) the Sentencing Commission violated the Constitution, 31 U.S.C. § 1301, and 31 U.S.C. § 1347 by using funds prior to the Commission existing for one year; and (4) appropriations cannot change substantive law

AO 72A
(Rev 8/82)

beyond the one year the appropriation is in force.[2] (Case No. 1:04-CR-76-6, Doc. 229 at 16-21).

As noted by the Government, the Sentencing Reform Act of 1984 ("SRA"), Public Law 98-473, Title II, 98 Stat. 1987, was signed into law on October 12, 1984, and became effective on November 1, 1987. Movant claims that pursuant to § 102 of the CCCA, Pub. L. No. 98-473, the SRA became effective after it had already expired. Section 102 states:

> Unless otherwise provided for in this joint resolution or in the applicable appropriation Act, appropriations and funds made available and authority granted pursuant to this joint resolution shall be available from October 1, 1984, and shall remain available until (a) enactment into law of an appropriation for any project or activity provided for in this joint resolution, or (b) enactment of the applicable appropriation Act by both Houses without any provision for such project or activity, or (c) September 30, 1985, whichever first occurs.

Pub. L. No. 98-473, § 102. Congress, however, exempted the SRA from § 102 with the passage of § 201. Section 201 states: "Section 102 of this joint resolution (H.J. Res. 648) shall not apply with respect to the provisions enacted by this title [Comprehensive Crime Control Act of 1984, 18 U.S.C. 1 note]." Pub. L. No. 98-

---

[2]Movant listed five arguments to support ground two, but arguments four and five are, if not identical, closely related and have been combined.

473, Title II, § 201. Thus, the factual premise of Movant's first argument in support of ground two is incorrect.

In his second argument in support of ground two, Movant claims that the appropriations bill, which contains the CCCA, violates the FACA and the Delegation Doctrine Act. Relatedly, Movant claims that substantive law may not be created in an appropriations bill.

These arguments were addressed and rejected by the United States Court of Appeals for the Eighth Circuit. See United States v. Powell, 761 F.2d 1227 (8th Cir. 1985). Specifically, the Powell Court stated and held:

> We are also told that the entire Bail Reform Act of 1984, and, presumably, the entire Comprehensive Crime Control Act of 1984, is unconstitutional because it went to the President not as a bill but as a joint resolution. Joint resolutions, to be sure, are usually employed, the parliamentary manuals tell us, for subsidiary, inferior, or temporary kinds of legislation. Indeed, in this very case the Comprehensive Crime Control Act of 1984, including the bail-reform provisions, has become law by way of amendment to a joint resolution making "continuing appropriations" for the operation of the federal government, appropriations, that is, to enable certain departments and agencies to continue their work temporarily until the regular appropriations bills for those departments and agencies could be passed. Such continuing resolutions have become a regular feature of the congressional landscape towards the end of almost every fiscal year and, since, in theory at least, the government, or part of it, will come to a halt if the continuing resolution is not signed into law, they are considered "veto proof," or nearly so, and members of

11

> Congress with cherished projects of their own strive to attach them as amendments to the continuing-appropriations joint resolution, secure in the knowledge that the President cannot veto part of a measure. Appellants complain that this kind of legislation tends to be hasty and ill-advised, and they may be right, but that is none of our affair. The fact that the words at the top of the first page of a law are "a bill" instead of "a joint resolution" is of significance only for internal congressional purposes. A joint resolution, once signed by the President, is every bit as much of a law as a bill similarly signed. Our task is simply to hold the Congress within the limits of the power given it by the Constitution, not to pass judgment on matters of legislative practice.

Id. at 1234-35. In other words, the label used to describe a piece of legislation does not determine its validity, and Movant's second argument in support of ground two is, therefore, without merit.

Movant's third argument contends that the Sentencing Commission violated the Constitution, 31 U.S.C. § 1301, and 31 U.S.C. § 1347 by using funds prior to existing for one year. The Government apparently contends that the Powell Court effectively addressed this argument and Movant's fourth argument. The Government is likely correct. Additionally, Movant does not explain how the Sentencing Commission improperly used funds prior to existing for one year. The statutes Movant relies upon to support his third argument merely provide mechanisms for determining when an appropriation may be used and for how long

12

and do not support his claim that the Sentencing Commission violated federal law. See 31 U.S.C. §§ 1301 (a)-(d) (stating how appropriations may be applied and how exceptions may be made by legislation); 31 U.S.C. § 1347 (a) ("If the principal duties and powers of the agency are substantially the same as or similar to the duties and powers of an agency established by executive order, the agency established later is deemed to have been in existence from the date the agency established by the order came into existence.").

Movant's fourth argument in support of ground two claims that an appropriations bill may not change substantive law for more than one year. In addition to Powell, case law referenced by Movant also defeats his argument. See United States v. Will, 449 U.S. 200, 222 (1980) ("when Congress desires to suspend or repeal a statute in force, there can be no doubt that . . . it could accomplish its purpose by an amendment to an appropriation bill, or otherwise") (internal quotation omitted). Thus, Movant's fourth argument in support of ground two is without merit. Ground two does not provide a basis for granting Movant's motion to vacate, set aside, or correct sentence.

AO 72A
(Rev 8/82)

C.    Ground Three

In ground three, Movant contends that the Assistant United States Attorney's failure to take the oath of office and file it with the Clerk of Court renders Movant's conviction invalid by eliminating this Court's subject-matter jurisdiction. (Case No. 1:04-CR-76-6, Doc. 229 at 24). Movant's only support for ground three is his claim that he was unable to obtain a copy of the oath taken by the Assistant United States Attorney from the Clerk of the Court. (Id.). The Government shows that the Assistant United States Attorney did take the proper oath. (Id. at Doc. 238, Exhibit B). Accordingly, ground three is without merit.

D.    Grounds Four Through Twelve - Ineffective Assistance of Counsel

Movant has raised several claims of ineffective assistance of trial and/or appellate counsel. (Id., Doc. 229 at 25-61). This Court will set forth the standard for evaluating claims of ineffective assistance and then review Movant's claim in light of that standard.

1.    The Federal Standard

The federal standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (Strickland applies to

14

allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). "In practice this means that courts will not find that an attorney is incompetent for using a particular approach to a case so long as that approach was reasonable." Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("a petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden"); Smith v. Murray, 477 U.S. 527, 536 (1986) ("winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate

15

advocacy"). Put another way, "trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)); Sullivan v. Deloach, 459 F.3d 1097, 1108 (11th Cir. 2006) ("purpose of ineffectiveness review is not to grade counsel's performance"), cert. denied, 549 U.S. 1286 (2007).

The second prong of Strickland, requires Movant to demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. To satisfy Strickland's prejudice prong, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Eagle, 279 F.3d at 943 ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted

AO 72A
(Rev 8/82)

claim."). Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001) ("Under the prejudice prong of Strickland, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.") (internal quotation omitted); Bennett v. Fortner, 863 F.2d 804, 809 (11th Cir. 1989) (Strickland's prejudice prong is not satisfied by making speculative allegations of prejudice). With regard to the validity of a guilty plea, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

2.    Ground Four

Ground four alleges ineffective assistance of trial and appellate counsel on the basis that Movant's due process right to be indicted by a grand jury within thirty (30) days was violated as a result of an unconstitutional and statutorily impermissible waiver by defense counsel, and appellate counsel was ineffective by failing to discover and raise this issue on direct appeal. (Case No. 1:04-CR-76-6, Doc. 229 at 27). As a consequence of defense counsel's waiver, Movant contends that his right to a speedy trial was violated. (Id. at 29).

17

The record shows that on January 9, 2004, Movant was arrested and taken into federal custody. (Id., Docs. 1-2). On February 3, 2004, the Honorable Richard W. Story signed a consent Order permitting the Government to seek an indictment against Movant by February 10, 2004. (Id., Doc. 238, Exhibit C). On February 10, 2004, the grand jury returned Indictment No. 1:04-CR-76. (Id., Doc. 1). Consequently, Movant was indicted thirty-two (32) calendar days after his arrest.

As correctly stated by Movant, 18 U.S.C. § 3161(b) provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." In the event an indictment is not obtained within the 30-day time period, a federal court shall "dismiss the case with or without prejudice." 18 U.S.C. § 3162(a)(1). However, "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2); see also United States v. Spagnuolo, 469 F.3d 39, 44 (1st Cir. 2007) ("the motion and waiver provision of § 3162(a)(2) also applies to § 3162(a)(1) speedy indictment claims"); United

18

States v. Gamboa, 439 F.3d 796, 804 (8th Cir. 2006) (same); United States v. Lewis, 980 F.2d 555, 560 (9th Cir. 1992) (same).

Movant does not show how he was prejudiced as a consequence of being indicted two days after the limit set in § 3161(b), and the case he relies upon to support ground four concerns a seven-year delay and a prospective waiver of a right to a speedy trial for all time – not the brief delay in the return of the indictment that Movant experienced. See Zedner v. United States, (2006) ("defendant [who waited over seven years between indictment and trial] may not prospectively waive the application of the [Speedy Trial] Act . . . for all time"). Thus, Zedner does not support Movant's claim that counsel was ineffective for permitting the Government to wait thirty-two (32) days to obtain an indictment.

More importantly, Movant pled guilty, and therefore, he "foreclosed his right to assert the nonjurisdictional issue of the denial of a speedy trial on this appeal. A defendant cannot plead guilty and preserve for appeal a speedy trial claim." United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984); Washington v. Sobina, 475 F.3d 162, 166 (3d Cir. 2007) (Sixth Amendment right to a speedy trial is "waived by an unconditional and voluntary guilty plea"). Accordingly, ground four does not state a claim entitling Movant to have his sentences vacated.

19

AO 72A
(Rev 8/82)

### 3. Ground Five

In his fifth ground for relief, Movant contends that his defense attorney's failure to investigate and prepare for trial constitutes ineffective assistance of counsel. (Case No. 1:04-CR-76-6, Doc. 229 at 32). In support, Movant states first that his first defense attorney, after consulting with Movant, waived his preliminary hearing. (Id. at 32-33). Movant also claims that his second defense attorney did not review all of the Government's evidence to Movant's satisfaction, coerced him in an unspecified manner to plead guilty, and failed to appeal the detention order. (Id. at 33-35).

Movant was indicted. Thus, this Court does not find that Movant was prejudiced by having his preliminary hearing waived. Additionally, by pleading guilty, Movant "waive[d] all nonjurisdictional challenges to the constitutionality of the conviction. . . ." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).

Movant's claim that his second attorney did not review the evidence adequately and coerced him into pleading guilty is contradicted by Movant's sworn testimony during the guilty plea hearings. During those hearings, held on July 9, 2004, and August 4, 2004, Movant testified that no one threatened or

20

forced him to plead guilty, no one had told him that, if he did not plead guilty, further charges would be brought against him, no one promised him what sentence he would receive, and no one advised him not to tell the complete truth. (Id., Doc. 160, transcript of guilty plea hearing at 9-10; Case No. 1:04-cr-75-1, Doc. 24, transcript of guilty plea hearing at 8). Movant also stated under oath that he had sufficient time to discuss his case fully with counsel and sufficient time to think about this matter fully prior to pleading guilty. (Case No. 1:04-cr-76-6, Doc. 160 at 11; Case No. 1:04-cr-75-1, Doc. 24 at 10). Finally, Movant informed this Court that he was satisfied with his attorney's representation. (Case No. 1:04-cr-76-6, Doc. 160 at 11; Case No. 1:04-cr-75-1, Doc. 24 at 10).

"There is a strong presumption that the statements made during the colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); see also United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements"). Beyond his unexplained claim that counsel coerced him into pleading guilty, Movant does not offer any

reason for this Court to disregard the sworn statements he gave during his guilty plea hearings. Consequently, Movant has not shown that counsel's performance was deficient on the basis that he allegedly did not adequately review the evidence and coerced Movant into pleading guilty.

Finally, with regard to ground five, Movant claims counsel did not appeal the detention order. The record shows that, in fact, counsel did appeal that decision. (Case No. 1:04-CR-76-6, Doc. 238, Exhibit E). This final allegation in ground five does not demonstrate that defense counsel failed to provide effective representation.

### 4.    Ground Six

Movant claims in ground six that his guilty plea was not knowingly and voluntarily entered because defense counsel rendered ineffective assistance due to defense counsel laboring under an irreconcilable conflict of interest as a result of this Court's refusal to appoint substitute counsel. (Id., Doc. 229 at 38-39). This conflict of interest allegedly resulted in defense counsel attempting to coerce Movant into pleading guilty, failing to investigate his criminal case, and refusing to prepare for trial. (Id. at 39).

22

As noted in this Court's review of ground five, these allegations are contradicted by Movant's sworn statements given at his guilty plea hearings. Therefore, Movant has not shown that his guilty pleas were not entered knowingly and voluntarily, and he is foreclosed from raising this claim of ineffective assistance of counsel.

In the alternative, this Court previously held a hearing to address the question of Movant's representation, and found that he should not have new counsel appointed to represent him. (Id., Doc. 58). Although Movant disagrees with this Court's decision, his subjective belief does not, standing alone, justify the appointment of new counsel. See McKee v. Harris, 649 F.2d 927, 932 (2d Cir. 1981) (good cause for substituting counsel is not established "solely according to the subjective standard of what the defendant perceives"). Movant's sixth ground for relief does not demonstrate ineffective assistance of counsel.

5.     Ground Seven

In ground seven, Movant claims that defense counsel rendered ineffective assistance by incorrectly informing him that the Sentencing Guidelines indicated that Movant would receive a sentence of five years, and as a consequence, his plea of guilty was not knowingly and voluntarily entered. (Case No. 1:04-CR-76-6,

23

Doc. 229 at 41). In support, Movant claims that counsel did not investigate and fully consider Movant's criminal record. (Id. at 42). Instead, counsel allegedly relied upon only a prior military conviction to calculate Movant's sentence under the guidelines. (Id.)

During Movant's two guilty plea hearings, Movant stated that no one promised him a particular sentence in order to induce him to plead guilty. (Case No. 1:04-cr-76-6, Doc. 160, transcript of plea hearing at 9; Case No. 1:04-cr-75-1, Doc. 24, transcript of plea hearing at 8). This Court also informed Movant during his July 9, 2004, guilty plea hearing that he could be sentenced up to five years on count 1, as to counts 2 through 54, up to an additional 30 years on each count, and, as to counts 61 through 64, up to an additional five years on each count. (Case No. 1:04-cr-76-6, Doc. 160, transcript of plea hearing at 15-16). During the August 4, 2004, guilty plea hearing, Movant was informed that he could be sentenced up to 5 years on count 1 and an additional 30 years on count 2. (Case No. 1:04-cr-75-1, Doc. 24, transcript of plea hearing at 12-13). At each hearing, Movant stated he understood the maximum sentences he could receive. (Case No. 1:04-cr-76-6, Doc. 160, transcript of plea hearing at 16; Case No. 1:04-cr-75-1, Doc. 24, transcript of plea hearing at 13).

AO 72A
(Rev 8/82)

Thus, even if Movant's attorney failed to inform him of the maximum possible sentences he could receive prior to pleading guilty, Movant did not suffer any consequential prejudice. See Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) (because "the trial judge clearly explained the potential maximum sentence to Matthews at the plea proceeding," he was not prejudiced by counsel's alleged failure to do so); Cruz v. United States, 188 Fed. App'x. 908, 914 (11th Cir. July 11, 2006) (defendant failed to demonstrate prejudice on the basis that "counsel misrepresented facts about the case" due to court informing her of the "maximum penalties and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else"). Ground seven fails to state a claim of ineffective assistance of counsel.

6. Grounds Eight and Nine

Movant's eighth ground for relief claims that his sentence was obtained in violation of his right under the Due Process Clause of the Fifth Amendment not to be sentenced based on testimony and misleading evidence the Government knew or should have known was inaccurate, misleadingly false and/or perjured. (Case No. 1:04-CR-76-6, Doc. 229 at 45). In ground nine, Movant contends that defense counsel rendered ineffective assistance of counsel for failing to

25

investigate and present impeachment evidence to challenge Special Agent Riser's credibility and hearsay testimony at sentencing. (Id. at 52). These claims refer to the testimony given by Agent Riser during Movant's consolidated sentencing hearing. (Id., Doc.189 at 25-154).

Ground eight was raised on direct appeal. Stewart, Case No. 05-12380 at 2-7. (Case No. 1:04-CR-75-1, Doc. 49). The United States Court of Appeals for the Eleventh Circuit held: "Our review of the record establishes sufficient indicia of reliability on the hearsay statements testified to by Agent Riser. The district court, further, made an explicit determination on the reliability of the codefendants' statements. And Stewart was given the opportunity to cross-examine Agent Riser about these statements." Id. at 6. As to ground eight, a "district court is not required to reconsider claims . . . that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case.").

Ground nine is an attempt to relitigate ground eight by characterizing it as a claim of ineffective assistance of counsel. However, Movant does not proffer

26

any evidence suggesting that defense counsel failed to present any impeachment evidence he had the ability to obtain. (Doc. 229, at 52-53). Movant also takes issue with defense counsel vouching for Agent Riser's credibility. (Id. at 53-54). However, Movant again proffers no evidence or argument, beyond those raised on direct appeal, suggesting that Agent Riser's testimony was not credible. Consequently, Movant's ninth ground for relief does not establish that defense counsel's representation was ineffective during sentencing. See Lockhart v. Fretwell, 506 U.S. 364, 382 (1993) (counsel's representation will not be found ineffective for failing to pursue a meritless defense); Bennett v. Fortner, 863 F.2d 804, 809 (11th Cir. 1989) (speculative allegations of prejudice do not satisfy Strickland).

       7.    Ground Ten

In ground ten, Movant maintains defense counsel was ineffective for failing to object to this Court sentencing Movant in excess of the statutory maximum for multiple counts in the indictment and ineffective assistance of appellate counsel for failure to discover and raise this issue on appeal. (Case No. 1:04-CR-76-6, Doc. 229 at 56). In support of the prejudice prong, Movant states that this Court

27

sentenced him to 190 months on count 1 in both of his criminal cases when the statutory maximum for these crimes is five years. (Id. at 56-57).

In Criminal Case No. 1:04-cr-75-1, this Court sentenced Movant to 60 months on count 1 and 190 months on count 2 to be served concurrently. (Doc. 37 at 3). In Criminal Case No. 1:04-cr-76-6, this Court sentenced Movant to 60 months on count 1 and 190 months on count 2 through 54 to be served concurrently. (Doc. 182 at 3). Thus, there is no factual support for ground ten, and consequently, counsel was not ineffective for objecting to these sentences.

This Court notes that the Government has found that the Judgment and Commitment Order in Case No. 1:04-cr-76-6 incorrectly states that counts 61 through 64 represent violations of 18 U.S.C. § 1344. (Id.; Doc. 238 at 21). The correct statute under which Movant was convicted in counts 61 through 64 is 18 U.S.C. § 408. As all sentences were ordered to be served concurrently, this error does not entitle Movant to any relief. This Court will, however, amend the Judgment and Commitment Order to correct this technical error.

8. <u>Ground Eleven</u>

In ground eleven, Movant contends that this Court's special assessment and restitution Order improperly delegated payment amount and timing intervals

28

during incarceration to the Bureau of Prisons, and defense counsel was ineffective for raising an objection to the Order and appellate counsel was ineffective for failing to raise this issue on appeal. (Case No. 1:04-cr-76-6, Doc. 229 at 57). This Court notes that Movant was ordered to pay the special assessment and restitution immediately. (Case No. 1:04-cr-75-1, Doc. 37 at 1 and 14; Case No. 1:04-cr-76-6, Doc. 182 at 1 and 14). Only if Movant failed to pay the restitution immediately, was he ordered by this Court to make payments on the restitution from any wages he earns while imprisoned. (Id. at 14; Id. at 14). Any remaining restitution owed after release was to be paid at a monthly rate of $200.00 and was to be made a condition of supervised release. (Id. at 14; Id. at 14).

Movant previously filed two motions challenging the special assessment and the restitution Orders. (Case No 1:04-cr-76-6, Docs. 209 and 210). This Court denied both motions. (Id., Docs. 211-212). On or about November 7, 2007, Movant filed a 28 U.S.C. § 2241 habeas corpus petition in the Southern District of Florida challenging the restitution and special assessment Orders. See Stewart v. Federal Bureau of Prisons, Civil Action No. 1:07-cv-22901-MGC. The Magistrate Judge has entered a Report and Recommendation which recommends

that Movant's § 2241 habeas corpus petition be denied, and the matter is now before the District Judge. Id., Doc. 16.

As correctly noted by the Government, the Eleventh Circuit Court of Appeals has previously held that a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence "cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who claim the right to be released from custody." Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998). However, Movant seeks to circumvent this limitation on the scope of § 2255 by framing the issue as a claim of ineffective assistance of counsel.

The Mandatory Victims Restitution Act ("MVRA") requires a district court to order a convicted "defendant [to] make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1); see also 18 U.S.C. § 3664(f)(1)(A) ("the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant"). "A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18

30

U.S.C. § 3664(f)(3)(A). In reviewing a district court's obligation under these statutes, the Eleventh Circuit Court of Appeals has made clear that a "court may order a single lump-sum payment." United States v. Martinez, 320 F.3d 1285, 1288 (11th Cir. 2003); see also McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) (payment in full is interpreted to mean "payment to the extent that defendant can make it in good faith, beginning immediately," and "[n]othing barred the BOP from ensuring . . . [the prisoner] make good-faith progress toward satisfying his court-ordered obligations"); United States v. Frazier, 144 Fed. App'x. 766, 768 (11th Cir. July 20, 2005) (because "the court provided that restitution was due immediately, the court did not improperly delegate its authority to establish a repayment schedule to the BOP"). This Court's special assessment and restitution Orders complied with the relevant statutes. Therefore, counsel was not ineffective for failing to object to those Orders.

9.    Ground Twelve

Movant's twelfth ground for relief claims that defense counsel was ineffective by failing to object to this Court's Order mandating submission of DNA, pursuant to 42 U.S.C. § 14135a(d)(1), as part of the condition of supervised release, and appellate counsel rendered ineffective assistance by failing to raise

31

this issue on direct appeal. (Case No. 1:04-cr-76-6, Doc. 229 at 59). Specifically, Movant contends that he was not convicted of an offense requiring collection of DNA. (Id. at 59-60).

During the time Movant was convicted and sentenced, § 14135a(d)(1) required DNA samples to be collected from individuals convicted of the following crimes: (1) any felony; (2) any offense under chapter 109A of Title 18; (3) any crime of violence; and (4) any attempt to conspire to commit any of the offenses in paragraphs (1) through (3).[3] 42 U.S.C. § 14135a(d)(1), Pub. L. 108-405, Title II, § 203(b), Oct. 30, 2004, 118 Stat. 2270, amended, Pub. L. 109-162, Title X, § 1004(a), 119 Stat. 3085, Jan. 5, 2006. The January 5, 2006, amendment also includes these offenses. See 42 U.S.C. § 14135a(d)(1), Pub. L. 109-162, Title X, § 1004(a), 119 Stat. 3085, Jan. 5, 2006. Movant was convicted of several felonies, and, therefore, this Court acted within its statutory authority to order him to provide a sample of his DNA. Moreover, the Eleventh Circuit Court of Appeals reviewed a virtually identical Georgia statute, and held that the collection of DNA

---

[3]Movant relies upon the version of 42 U.S.C. § 14135a(d)(1) that was in effect from December 19, 2000, to October 25, 2001. 42 U.S.C. § 14135a, Pub. L. 106-546, § 3, 114 Stat. 2728, Dec. 19, 2000. This version of § 14135a(d)(1) had a more limited list of crimes which, depending upon how certain terms are defined, may or may not have included Movant's crimes.

32

samples does not violate either the Fourth Amendment or the Fourteenth Amendment. See Padgett v. Donald, 401 F.3d 1273, 1280-81 (11th Cir.), cert. denied, 546 U.S. 820 (2005). Accordingly, defense counsel was not ineffective for not objecting to this portion of the Judgment and Commitment Order, and appellate counsel was not ineffective for failing to raise this issue on direct appeal.

E.     Ground Thirteen

In ground thirteen, Movant contends that this Court committed constitutional error under the Sixth Amendment during sentencing, pursuant to the Supreme Court decision in Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007), which provided clarification for procedural and substantive reasonableness review of a lower court's application of United States v. Booker, 543 U.S. 220 (2005). (Case No. 1:04-cr-76-6, Doc. 229 at 61). Therefore, according to Movant, he should be resentenced. (Id. at 62).

In Rita, the Supreme Court held that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." Rita, 551 U.S. at __, 127 S. Ct. at 2462. The Supreme Court held further that "the presumption, even if it increases

33

the likelihood that the judge, not the jury, will find 'sentencing facts,' does not violate the Sixth Amendment." Id. at 2465.

On direct appeal, the Eleventh Circuit Court of Appeals "reject[ed] Stewart's argument that the district court violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), by applying the advisory Sentencing Guidelines as effectively mandatory." Stewart, Case No. 05-12380 at 7. (Case No. 1:04-CR-75-1, Doc. 49). In so holding, the Eleventh Circuit found:

> The district court, correctly, did consider the guidelines as "an important factor." See Booker, 125 S .Ct. at 767. And in imposing a sentence in the middle of the guideline range, the court also specifically referred to the sentencing factors set out in 18 U.S.C. § 3553(a). See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (after district court makes accurate guidelines calculation, and considers other factors set forth in 18 U.S.C. § 3553(a), it may impose more severe or more lenient sentence as long as sentence is reasonable). The district court's sentencing procedure was proper under Booker.

Stewart, Case No. 05-12380 at 7.

Movant then made the following challenges to the adjustments of the base offense level:

1.  the four-level enhancement for being a leader or organizer, U.S.S.G. § 3B1.1(a);

34

AO 72A
(Rev.8/8
2)

2.   the amount of loss attributable to him as relevant conduct, § 2B1 .1(b)(1)(I);

3.   the two-level enhancement for ten or more victims, § 2B1.1 (b)(2)( A);

4.   the two-level enhancements for use of sophisticated means, § 2B1.1(b)(9)(C), and for unauthorized use of means of identification, § 2B1.1(b)( 10)(C)(i); and

5.   the denial of an acceptance-of-responsibility reduction, § 3E1.1.

Id. at 7-8. The Eleventh Circuit responded to these arguments by stating: "After careful review of Stewart's arguments and of the record, we reject his challenges and uphold the district court's sentencing calculations." Id. at 8.

Finally, Movant argued on direct appeal that this Court "erred by using a preponderance of the evidence standard of proof when applying the guideline enhancements." Id. at 9. The Eleventh Circuit disagreed and held that "'it is the settled law of this circuit that at sentencing, a federal defendant's due process rights are . . .satisfied by the preponderance of the evidence standard.' United States v. Jackson, 57 F.3d 1012, 1019 (11th Cir. 1995) (citations omitted); see also United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir .), cert. denied, 125 S.

Ct. 2935 (2005) (applying preponderance standard after <u>Booker</u>)." <u>Stewart</u>, Case No. 05-12380 at 9-10.

Even assuming that <u>Rita</u> should be retroactively applied,[4] that decision grants a Court of Appeals the authority to presume that a sentence within the guidelines is proper. Therefore, <u>Rita</u> offers further support for the Eleventh Circuit's conclusion that this Court did not err in sentencing Movant. Movant's ground thirteen does not provide a basis for granting his § 2255 motion to vacate sentence.

F.    <u>Motions</u>

Movant has filed a motion for reference to motion to vacate sentence [1:04-CR-76-6, Doc. 247]; motion to appoint counsel [<u>Id.</u>, Doc. 248]; motion for evidentiary hearing [<u>Id.</u>, Doc. 249]; motion for discovery [<u>Id.</u>, Doc. 250]; motion for production of documents [<u>Id.</u>, Doc. 251]; and motion to compel [<u>Id.</u>, 252].

Movant's motion for reference asks this Court to refer non-dispositive matters to a magistrate judge. (Doc. 247 at 1). As this Court is now prepared to

---

[4]"For a new rule to be retroactive to cases on collateral review . . ., the Supreme Court itself must make the rule retroactive." <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004) (citing <u>Tyler v. Cain</u>, 533 U.S. 656, 662-63 (2001)).

AO 72A
(Rev 8/82)

deny this § 2255 motion to vacate sentence, referring it to a magistrate judge is unnecessary.

Movant also requests that counsel be appointed to assist him in pursuing collateral relief. (Doc. 248 at 1). In federal collateral proceedings, "there is no automatic constitutional right to representation in a federal habeas corpus proceeding." Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Instead, appointment of counsel is necessary only when due process or "the interests of justice" require it. Id. (citing 18 U.S.C. § 3006A(a)(2)(B)). Movant has demonstrated that he is capable of articulating his claims, and he has not presented any other exceptional circumstance warranting the appointment of counsel. Accordingly, Movant's motion should be denied.

Movant also seeks an evidentiary hearing to resolve factual and legal disputes. (Doc. 249 at 1-2). An evidentiary hearing is required if the federal judge, after reviewing the record, finds that a "hearing is warranted." Rule 8(a) of the Rules Governing Section 2255 Proceedings. An evidentiary hearing is warranted only when a movant "alleges facts that, if true, would entitle him to relief." Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002) (internal quotation omitted). This Court has reviewed the record and concludes that Movant

AO 72A
(Rev 8/82)

has not alleged facts which, if true, would entitle him to relief. An evidentiary hearing is, therefore, not required.

Movant's remaining motions concern his desire to conduct discovery. (Docs 250-252). Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery. . . ." As this Court's review of this motion to vacate sentence indicates, the documents, answers to interrogatories, and admissions requested by Movant are not necessary for the resolution of his grounds for relief. Accordingly, Movant has not shown good cause for requesting discovery, and these motions should be denied.

III.  Conclusion

**IT IS ORDERED** that Movant's two 28 U.S.C. § 2255 motions to vacate, set aside, or correct sentence [Case No. 1:04-CR-75-1, Doc. 58; Case No. 1:04-CR-76-6 , Docs. 229-230] are **DENIED**. Movant's motion for reference to motion to vacate sentence [1:04-cr-76-6,Doc. 247], motion to appoint counsel [Id., Doc. 248]; motion for evidentiary hearing [Id., Doc. 249]; motion for discovery [Id.,

AO 72A
(Rev 8/82)

Doc. 250]; motion for production of documents [Id., Doc. 251]; and motion to compel [Id., 252] are **DENIED**.

**IT IS FURTHER ORDERED** that the Judgment and Commitment Order in Case No. 1:04-cr-76-6 [Doc. 182] is **AMENDED** to reflect that Movant was convicted of violating 18 U.S.C. § 408 in counts 61 through 64.

**IT IS SO ORDERED**, this _2_ day of _April_, 2009.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev 8/82)